**HYDE & SWIGART, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay (SBN: 250548)
danielshay@tcpafdcpa.com
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
Telephone: (619) 344-8667
Facsimile: (619) 344-8657

Attorneys for Plaintiff
*Esperanza Collier*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ESPERANZA COLLIER,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**EAGLE RECOVERY ASSOCIATES, INC.,**<br><br>Defendant. | Case No.: '19CV1235 LAB NLS<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**Jury Trial Demanded** |

# INTRODUCTION

1. Esperanza Collier ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Eagle Recovery Associates, Inc. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls that are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff brings this case as a class action seeking damages for herself and all others similarly situated.

## JURISDICTION & VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law.

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for supplemental state claims.

9. Because Defendant conducts business within the State of California, personal jurisdiction is established. In addition, Defendant intentionally and voluntarily directed its phone calls at Plaintiff, a California resident, and this action arises from this contact with the forum.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; (ii) the conduct complained herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

11. Plaintiff is, and at all times mentioned herein was, a natural person residing in the County of San Diego, in the State of California.

12. Defendant is, and at all times mentioned herein, was a Delaware corporation located in the State of Illinois. Defendant is authorized to and regularly conducts business within the State of California.

13. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39).

## FACTS

14. Sometime prior to December 19, 2017, Plaintiff allegedly incurred financial obligations (the "Debt") to a creditor.

15. Subsequently the Debt was assigned, placed, or otherwise transferred to Defendant for collection.

16. Prior to December 19, 2017, Plaintiff obtained representation from Attorney, Daniel G. Shay ("Mr. Shay").

17. On or about December 19, 2017, Mr. Shay sent a cease and desist letter to all of Plaintiff's creditors by facsimile advising the creditors of Plaintiff's representation and demanding them to cease all communications with Plaintiff.

18. Mr. Shay's letters expressly "revoke[d] any prior express consent that may have been given to receive telephone calls especially to [Plaintiff's] cellular telephone, from an automated telephone dialing system or an artificial or pre-

recorded voice, as outlined in the Telephone Consumer Protection Act, 47 USC. § 227 *et seq*.

19. This revocation applies to all collection companies attempting to collect the creditors' debt including Defendant.

20. Despite this unequivocal, explicit admonishment, on January 4, 2018, Defendant called Plaintiff's cellular telephone.

21. Defendant, through a pre-recorded and artificial voice, left a message on Plaintiff's cellular telephone stating, "We have an important message from Eagle Recovery Associates Inc. This call is from a debt collector, please call 1-800-706-3210." It is precisely this type of call that the TCPA was created to address and prohibited by 47 U.S.C. § 227(b)(1)(A).

22. Plaintiff did not give "prior express consent," to receive calls using a prerecorded or artificial voice; if Plaintiff ever unknowingly consented to such calls, she expressly revoked that consent through the letter, dated December 19, 2017.

23. Defendant's call was not for the purpose of an emergency.

24. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

25. This telephone call made by Defendant was in violation of 47 U.S.C. § 227(b)(1). Further, this telephone call invaded Plaintiff's privacy.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

27. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States who had or have a number assigned to a cellular telephone service, who received at least one telephone call using an ATDS, or an artificial or

prerecorded voice, from Defendant, or their agents calling on behalf of Defendant, between the date of filing this action and the four years preceding.

28. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number is in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

29. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendant or its agents, during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

30. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

31. **Numerosity.** The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records and/or Defendant's agent's records.

32. **Existence and Predominance of Common Questions of Law and Fact.** There is a well-defined community of interest in the questions of law and fact

involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    i. Whether, within the four years prior to the filing of the Complaint, Defendant made any call(s) (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class members using any ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    ii. Whether Defendant's conduct was knowing and/or willful;

    iii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and

    iv. Whether Defendant should be enjoined from engaging in such conduct in the future.

33. **Typicality.** As a person who received calls from Defendant in which Defendant used an ATDS and an automated and prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

34. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. The size of Class member's individual claims causes, few, if any, Class members to be able to afford to seek legal redress for the wrongs complained of herein.

35. **Adequacy of Representation.** Plaintiff will fairly and adequately represent

and protect the interests of the members of the Class in that Plaintiff has no interest antagonistic to any Class member. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

36. **Superiority.** A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those that would be presented in numerous individual claims.

37. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION:
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitutes multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION:
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE
## CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

44. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each member of the Class is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

45. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

46. Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and each Class member the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter; and
- Any such further relief as may be just and proper.

In addition, Plaintiff and the Class pray for further judgment as follows against each Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. §

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## FOR KNOWING AND/OR WILLFUL VIOLATION
## OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

47. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: July 2, 2019            **HYDE & SWIGART, APC**

By: *s/ Yana A. Hart*
Yana A. Hart, Esq.
Attorneys for Plaintiff
yana@westcoastlitigation.com